UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MELISSA AVILEZ,                                    Civil Action No.:

                      Plaintiff,

      -against-                                **COMPLAINT**

EDWIN SANTIAGO, CNM, KERRY-ANN A.                  **PLAINTIFF DEMANDS A**
DACOSTA, CNM, URBAN HEALTH PLAN, INC.,             **TRIAL BY JURY ON ALL**
and the UNITED STATES OF AMERICA,                  **ISSUES**

                     Defendants.
-------------------------------------------------------------------X

Plaintiff alleges as and for a Complaint as follows:

1. Plaintiff resides in Bronx County, State of New York.

2. The action against the United State of America arises under the Federal Tort Claims Act, 28 U.S.C. 1346(B), 2671-80 and Section 1331 because the defendant Urban is a Federally Deemed Health Center.

3. Defendants Edwin Santiago and Kerry-Ann A. Dacosta are Certified Nurse-Midwives licensed in New York.

4. Defendant Urban Health Plan, Inc. is a domestic corporation which is a Federally Deemed Health Center.

5. On February 28, 2015 defendant Santiago was employed by defendant Urban.

6. On August 25, 2015 defendant Dacosta was employed by defendant Urban.

7. On April 19, 2017 plaintiff was diagnosed at Bronx Lebanon Hospital with a "circumscribed rubbery to slightly firm mass measuring 10 x 7.5 x 7 cm" in her right breast.

8. The amendment to CPLR 214-a, effective January 31, 2018, applies regarding the applicable Statute of Limitations.

9. On February 28, 2015 defendant Santiago and defendant Urban departed from professional standards of care by failing to refer the plaintiff to a breast surgeon, especially after learning that the plaintiff presented "w/c/o right breast lumps and slight aching pains (mastalgia);" by failing to have a physician (obstetrician/gynecologist) examine her, and/or advise a physician of the right breast complaints and/or findings; by failing to order and/or recommend radiological testing including mammogram, ultrasound and/or MRI of the right breast; by failing to properly perform a breast exam; by failing to provide the plaintiff with proper instructions and/or literature concerning self-breast exam; by failing to order and/or recommend follow-up appointments and/or exams concerning the right breast; by failing to take a proper history; by failing to learn and/or appreciate the finding or complaint of December 16, 2014 concerning a "non-tender nodule on the right side of the breast x 3 days;" by failing to consider breast cancer in a differential diagnosis; and by failing to follow proper protocol concerning physician supervision of the care provided to the plaintiff.

10. On August 25, 2015 defendant Dacosta and defendant Urban departed from professional standards of care during an "annual gynecological exam" by failing to follow-up on the right breast findings and/or complaints documented for the February 28, 2015 and December 16, 2014 encounters; by failing to properly perform a breast exam; by failing to have a physician (obstetrician/gynecologist) examine the plaintiff and/or advise a physician of the plaintiff's right breast complaints and/or findings; by failing to refer the plaintiff to a breast surgeon; by failing to order and/or recommend radiological testing including mammograms, ultrasound and/or MRI of the right breast; by failing to provide the plaintiff with proper instructions and/or literature concerning self-breast exam; by failing to order and/or recommend follow-up appointments and/or exams concerning the right breast; by failing to consider breast cancer in a differential diagnosis;

and by failing to follow proper protocol concerning physician supervision of the care provided to the plaintiff.

11. Defendant Urban departed from good and accepted medical practice and/or professional standards of care on October 9, 2015, November 5, 2015, January 11, 2016, January 21, 2016, February 8, 2016, March 7, 2016, June 28, 2016, July 26, 2016 and November 21, 2016 by failing to follow-up on the prior right breast findings and/or complaints; by failing to properly examine the plaintiff and/or advise a physician of the right breast complaints and/findings; by failing to refer the plaintiff to a breast surgeon; by failing to order and/or recommend radiological testing including mammograms, ultrasound and/or MRI of the right breast; by failing to provide the plaintiff with proper instructions and/or literature concerning self-breast exam; by failing to order and/or recommend follow-up appointments and/or exams concerning the right breast; by failing to consider breast cancer in a differential diagnosis; and by failing to follow proper protocol concerning physician supervision of the care provided to the plaintiff.

12. Defendants Urban and the United States of America are vicariously liable for the negligence and/or departures from professional standards of care of its employees, members and/or agents including defendant Santiago and defendant Dacosta.

13. Defendant Urban was negligent and/or departed from professional standards of care by failing to promulgate and/or enforce protocol concerning breast exams in connection with annual gynecological exams and/or protocol concerning conduct of CNM's and/or their supervision by a physician.

14. The defendants' departures from professional standards of care were a substantial factor in causing injury to the plaintiff including a delay in diagnosis and treatment of breast cancer, a diminished chance of a better outcome or prognosis, a worsened prognosis, an increased

likelihood of the cancer spreading, micro-metastasis, metastasis to spine, lung and right hip, exacerbation of a pre-existing condition (breast cancer), emotional harm, loss of enjoyment of life, fear of impending death, and conscious pain and suffering.

15. Because of the above plaintiff has suffered damages which exceed the jurisdiction of all lower courts and has been rendered terminally ill as a result of the culpable conduct of defendants.

16. Six months has elapsed since the U.S. Department of Health and Human Services was served with an SF-95 giving notice of this claim and no settlement offer has been received.

17. Plaintiff demands a trial by jury on all issues pursuant to Rule 38(b) of the FRCP.

**WHEREFORE**, plaintiff demands judgment in the amount of $7,000,000.00 against the defendants, together with the costs and disbursements of this action.

Dated: Carle Place, New York
October 9, 2018

Yours, etc.,

**LANDERS & CERNIGLIARO, P.C.**
Attorneys for Plaintiff

/S/ electronically filed
STANLEY A. LANDERS (SL-3831)
One Old Country Road
Suite 400
Carle Place, New York 11514
(516) 742-6000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
MELISSA AVILEZ,                                                          Civil Action No.:

                               Plaintiff,

        -against-

EDWIN SANTIAGO, CNM, KERRY-ANN A.
DACOSTA, CNM, URBAN HEALTH PLAN, INC.,
and the UNITED STATES OF AMERICA,

                              Defendants.
-------------------------------------------------------------------------X

## COMPLAINT

***LANDERS & CERNIGLIARO, P.C.***
Attorneys for Plaintiff
One Old Country Road - Suite 400
Carle Place, New York 11514
(516) 742-6000 (Telephone)
(516) 742-6066 (Fax)