```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/06/19
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

JIMMY VIERA, as Executor of the Estate of
MELISSA AVILEZ,

                                          Plaintiff,

               -against-

UNITED STATES OF AMERICA,

                                          Defendant.

-------------------------------------------------------------------X

**18-CV-9270 (KHP)**

**MEMORANDUM AND ORDER**

**KATHARINE H. PARKER, United States Magistrate Judge:**

      Plaintiff, the executor of the estate of decedent Melissa Avilez, moves to compel Defendant, the United States, to hold the depositions of Plaintiff's medical experts at Plaintiff's choice of locations.[1] Defendant opposes Plaintiff's motion, arguing that the default rules favor Defendant's position and that Plaintiff's request is unduly burdensome. Doc. No. 53. For the following reasons, Plaintiff's request is denied. The depositions of Plaintiff's experts will occur at the U.S. Attorney's Office ("USAO") as noticed.

---

[1] The Court notes that Plaintiff emailed his letter to the Court *in camera* and *ex parte* without the Court's permission, without filing the letter (neither in redacted nor unredacted form) on ECF, and in violation of the Federal Rules of Civil Procedure, the Local Rules, and this Court's Individual Rules of Practice. Though the Court would normally not consider such a submission, Defendant's response indicates that Defendant received Plaintiff's letter, and Defendant has submitted an opposition letter. Thus, to expedite resolution of this matter, the Court will address Plaintiff's motion. However, Plaintiff is ordered to file a copy of his letter on ECF. Insofar as Plaintiff wishes to redact portions, Plaintiff is directed to follow the Court's Individual Rules of Practice. Plaintiffs' failure to comply with this Court's Individual Rules of Practice, the Local Rules, and the Federal Rules of Civil Procedure in the future will result in sanctions.

## BACKGROUND

Plaintiff files this suit against Defendant under the Federal Tort Claims Act, 28 U.S.C. § 1346 *et seq.*, alleging that a federally-deemed heath center and its medical providers were negligent in failing to diagnose and treat decedent's breast cancer. *See* Doc. No. 35, Am. Compl. Plaintiff asserts claims of conscious pain and suffering and wrongful death. *Id.*

The instant motion arises from a dispute over the locations of two depositions. Defendant noticed the witnesses' depositions for December 17 and 18, 2019 at the USAO. Doc. No. 53. The witnesses at issue are Plaintiff's medical experts, Drs. Alexander Hindenberg and Martin Gubernick. Dr. Hindenberg is certified in internal medicine, hematology, and oncology. Hindenberg Aff., Sept. 20, 2019. Dr. Gubernick is certified in obstetrics and gynecology. Gubernick Physician's Report, Sept. 24, 2019. Plaintiff asks the Court to order that one of the depositions take place at the office of Plaintiff's court reporting agency and the other at the office of Plaintiff's counsel. Plaintiff gives no reasons for why he makes this request except the suggestion that it would be more convenient for Plaintiff's experts. Defendant argues that general practice and default rules allows the noticing party to pick the location. Defendant also states that it may need to draw from voluminous medical records to take the depositions and argues that transporting those records and/or not having access to them would be unduly burdensome absent an exigent circumstance.

## DISCUSSION

"[T]he party noticing the deposition usually has the right to choose the location." *Winfield v. City of New York,* No. 15CV05236LTSKHP, 2018 WL 840085, at *11 (S.D.N.Y. Feb. 12,

2018) (quoting 7 Moore's Federal Practice § 30.20 [1] [b] [ii]); *see* Fed. R. Civ. P. 30(b)(1) (stating that the "party who wants to depose a person . . . must give reasonable written notice. . . . The notice must state the time and place of the deposition"); *Greer v. Mehiel*, No. 15CV6119AJNJLC, 2017 WL 543453, at *3 (S.D.N.Y. Feb. 10, 2017). The non-moving party may rebut the presumption by showing that the circumstances militate against the designated location. *Robert Smalls Inc. v. Hamilton*, No. 09CIV.7171(DAB)(JLC), 2010 WL 2541177, at *1 (S.D.N.Y. June 10, 2010) (citation omitted); *Buzzeo v. Bd. of Educ., Hempstead,* 178 F.R.D. 390, 393 (E.D.N.Y. 1998).

When the parties cannot agree on a location, "courts retain substantial discretion to designate the site of a deposition." *Sec. & Exch. Comm'n v. Aly*, 320 F.R.D. 116, 118 (S.D.N.Y. 2017) (quoting *Lewis v. Madej*, 2016 WL 590236, at *3 (S.D.N.Y. Feb. 11, 2016)). The presumption in favor of the noticing party is a decisional rule "that facilitates determination when other relevant factors do not favor one side over the other." *Mill-Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547, 550 (S.D.N.Y. 1989). Courts apply Federal Rule of Procedure 26(c)'s "good cause" standard in their analysis, considering cost, convenience, and litigation efficiency. *E.g.*, *Winfield*, 2018 WL 840085, at *11; *Buzzeo*, 178 F.R.D. at 393; *see Mill-Run*, 124 F.R.D. at 550-51.

Here, Plaintiff has not met his burden to rebut the presumption that Defendant, as the noticing party, may choose the location of the deposition. Plaintiff has not explicitly provided any reason or circumstance to rebut the presumption; nor does Plaintiff provide any case law to support his request. This, alone, is sufficient grounds to deny Plaintiff's motion. Further, the

Court's analysis of the relevant factors under the "good cause" standard counsels the denial of Plaintiff's motion.

The relevant factors of cost, convenience, and litigation efficiency are either neutral or favor the depositions taking place at the USAO. The cost factor is neutral. The difference in costs between Plaintiff's and Defendant's choice of locations is negligible. There is no indication that there are significant additional costs to either party to locate the depositions at the USAO. The difference between the parties' preferred locations requires only *de minimis* additional travel expenses because all the locations are accessible by public transportation according to Google Maps. There are no costs to be saved, so this factor favors neither party.

The convenience factor involves consideration of the convenience of counsel, where the witnesses are located, and the extent to which travel would disrupt the witnesses' affairs. *See Robert Smalls*, 2010 WL 2541177, at *2; *Mill-Run*, 124 F.R.D. at 551. The first of those considerations clearly favors Defendant as discussed in the litigation efficiency analysis below. The other two considerations are neutral because the Plaintiff's suggested locations, which are close to the witnesses' places of business, are located relatively closely to the USAO. One of the witnesses works in Manhattan. The other witness works "very close" to Plaintiff's office. According to Google Maps, the travel time between Plaintiff's counsel's office and the USAO is approximately an hour and a half by car or public transit. Any additional disruption to the witnesses' affairs by travel is negligible. Plaintiff has provided no indication that there would be any additional disruption to the witnesses' affairs beyond the disruption attendant to being deposed as an expert witness for Plaintiff. Defendant also has represented that it chose the

Court's analysis of the relevant factors under the "good cause" standard counsels the denial of Plaintiff's motion.

The relevant factors of cost, convenience, and litigation efficiency are either neutral or favor the depositions taking place at the USAO. The cost factor is neutral. The difference in costs between Plaintiff's and Defendant's choice of locations is negligible. There is no indication that there are significant additional costs to either party to locate the depositions at the USAO. The difference between the parties' preferred locations requires only *de minimis* additional travel expenses because all the locations are accessible by public transportation according to Google Maps. There are no costs to be saved, so this factor favors neither party.

The convenience factor involves consideration of the convenience of counsel, where the witnesses are located, and the extent to which travel would disrupt the witnesses' affairs. *See Robert Smalls*, 2010 WL 2541177, at *2; *Mill-Run*, 124 F.R.D. at 551. The first of those considerations clearly favors Defendant as discussed in the litigation efficiency analysis below. The other two considerations are neutral because the Plaintiff's suggested locations, which are close to the witnesses' places of business, are located relatively closely to the USAO. One of the witnesses works in Manhattan. The other witness works "very close" to Plaintiff's office. According to Google Maps, the travel time between Plaintiff's counsel's office and the USAO is approximately an hour and a half by car or public transit. Any additional disruption to the witnesses' affairs by travel is negligible. Plaintiff has provided no indication that there would be any additional disruption to the witnesses' affairs beyond the disruption attendant to being deposed as an expert witness for Plaintiff. Defendant also has represented that it chose the

dates noticed to accommodate the witnesses' availability as communicated by Plaintiff. The balance of the convenience considerations supports Defendant's position.

Finally, litigation efficiency strongly favors Defendant. Defendant has represented that the relevant medical records are voluminous, in excess of 8,000 pages without considering copies for the witness or Plaintiff. Though Defendant will almost certainly use only a portion of those documents, Defendant's easier access to the discovery materials it may need to take the depositions strongly supports Defendant's position. *See Winfield*, 2017 WL 840085, at *11; *Buzzeo*, 178 F.R.D. at 393 (finding that "[i]t is far more efficient to conduct [a] deposition . . . where [relevant] records are readily available"); *see also Robert Smalls*, 2010 WL 2541177, at *3 (noting that a court may "compel a deposition to occur where a relevant document repository is located"). Plaintiff's argument that his experts relied on a relatively sparse record and therefore Defendant's need for documents is commensurately minimal is unpersuasive. Defendant is taking the deposition and is entitled to introduce and question the witnesses about records that it finds to be pertinent. Accordingly, the Court finds that Plaintiff has failed to meet his burden to rebut the deposition location presumption. Thus, Plaintiff's motion to compel is denied.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to compel is DENIED. The parties are directed to hold the depositions of Drs. Hindenberg and Gubernick at the dates, times, and location noticed by Defendant. Further, Plaintiff shall file a copy of their December 2, 2019 letter on ECF pursuant to the Court's Individual Rules.

**SO ORDERED.**

DATED: New York, New York
December 6, 2019

_____
KATHARINE H. PARKER
United States Magistrate Judge