**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
JIMMY VIERA, as Executor of the Estate of :
MELISSA AVILEZ,

                        Plaintiff,

         -against-

UNITED STATES OF AMERICA,

                        Defendant.
-----------------------------------------------------------------X

**18-CV-9270 (KHP)**

**ORDER**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

On October 2, 2020, this Court issued a judgment after a bench trial against the government.  (ECF No. 91.)  The government appealed the Court's judgment.  (ECF No. 96.)  The Second Circuit encouraged the parties to settle the case with the assistance of Second Circuit mediators, during which a decision on appeal would be deferred.

On March 24, 2022, the parties returned to this forum, informing the Court that they had reached a settlement in principle but that the potential settlement is conditioned on this Court's vacatur of the judgment and underlying post-trial decision and order dated October 1, 2020.  (ECF Nos. 90-91.)  The parties jointly request an indicative ruling as to possible vacatur should the Second Circuit remand to this Court for that purpose and entry of an order and stipulation of settlement resolving this action.  (ECF No. 103.)  The Second Circuit granted the parties' request to defer decision for purposes of their requesting an indicative ruling.  The Court held a telephonic conference to hear the parties' joint request on March 30, 2022.  The parties request for an indicative ruling is GRANTED.

**DISCUSSION**

The parties' motion implicates Federal Rules of Civil Procedure 60 and 62.1. Rule 60(b) permits a district court to "relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any [ ] reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Once an appeal is filed, the district court no longer has jurisdiction to grant relief under Rule 60(b) except in limited circumstances. *Toliver v. County of Sullivan*, 957 F.2d 47, 49 (2d Cir. 1992). However, Rule 62.1 provides for an Indicative Ruling on a Motion for Relief That is Barred by a Pending Appeal. Fed. R. Civ. P. 62.1. A motion under Rule 62.1 is appropriate when it concerns a motion for vacatur that is a necessary precondition of a settlement reached during the pendency of an appeal. *Island Intellectual Property LLC v. StoneCastle Cash Management LLC*, 2021 WL 1393114, at *1 (S.D.N.Y. Apr. 13, 2021). Rule 62.1 requires the movant to promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 if the district court states that it would grant the motion or that the motion raises a substantial issue. Fed. R. Civ. P. 62.1(b).

In this case, the parties state that vacatur of this Court's judgment and accompanying opinion would be warranted under Rule 60(b) should this case be remanded to facilitate their settlement. Whether to grant vacatur under Rule 60(b) is left to the sound discretion of the district court. *Nemaizer v. Baker*, 793 F.2d 58, 61-62 (2d Cir. 1986). Still, because a judgment is "not merely the property of private litigants," it "should stand unless a court concludes that the public interest would be served by a vacatur." *U.S. v. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994) (internal quotation marks and citation omitted). For this reason, the

parties seeking vacatur must demonstrate that such relief "is equitably justified by exceptional circumstances." *Microsoft Corp. v. Bristol Tech, Inc.,* 250 F.3d 152, 154 (2d Cir. 2001) (citing *Major League Baseball Props. Inc. v. Pac. Trading Cards Inc.*, 150 F.3d 149, 151 (2d Cir. 1998)).

One important consideration in balancing the public and private interest under Rule 60(b) is whether vacatur would conserve scarce judicial resources. See *Am. Home Assur. Co. v. Kuehne & Nagel KG*, 2010 WL 1946718, at *2 (S.D.N.Y. May 7, 2010). Here, vacating the judgment and accompanying opinion and order, which is necessary as a precondition for the parties' settlement, would avoid further expenditure of resources in the Court of Appeals and in this Court if the Circuit were to remand for further proceedings. *See Id.* at *2. Courts have recognized that there is a "strong public interest in relieving" courts of claims "that the parties are happy to resolve without judicial intervention." *Island Intellectual Property LLC*, 2021 WL 1393114, at *1 (citing cases).

When evaluating the propriety of vacatur, the court also must assess the public interest "in preserving the finality of the judgment and the development of decisional law." *Am. Home Assur. Co.*, 2010 WL 1946718, at *2. The decision of this Court was highly fact-specific and did not involve novel issues of law. Rather, the decision was simply an application of the unique facts of this case to well-established legal standards governing negligence claims. Thus, the public interest in the decision is relatively small. *Id*. at *2 (finding vacatur would be warranted in part because the decision at issue resolved narrow issues and did not involve a novel issue of law); *see also Island Intellectual Property LLC*, 2021 WL 1393114, at *1 (finding vacatur would be warranted in part because the judgment would be of little persuasive value after appeal).

Vacatur of the judgment in this case also would be consistent with the strong policy of the law favoring settlements of litigation. *Davis v. Blige*, 505 F.3d 90, 104 (2d Cir. 2007) (recognizing the policy favoring settlement); see also *Barry v. Atkinson*, 193 F.R.D. 197, 200 (S.D.N.Y. 2000) (recognizing that courts are more flexible on vacatur where it would facilitate a settlement); *Am. Home Assur.*, 2010 WL 1946718, at *2 (fact that parties jointly sought vacatur to assist in effectuating settlement weighed in favor of granting it).

Finally, no non-parties would be impacted by vacatur here. The decision of this Court simply resolved a private dispute that the parties now wish to settle to avoid further expenses, burdens and risks of litigation, including completion of an appeal and possible continued litigation if remanded. This too weighs in favor of vacatur. *Tommy Hilfiger Licensing, Inc. v. Costco Cos., Inc.*, 2002 WL 31654958, at *2 (S.D.N.Y. Nov. 25, 2002).

On balance, the public and private interests here favor vacatur.

## CONCLUSION

For the reasons discussed above, the Court would grant the parties' motion to vacate if the Court of Appeals were to remand for that purpose.

**SO ORDERED.**

Dated: New York, New York
March 30, 2022

_____
KATHARINE H. PARKER
United States Magistrate Judge

4