UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/07/2022

JIMMY VIERA as Executor of the Estate of
MELISSA AVILEZ,

                                    Plaintiff,

                    -v-

UNITED STATES OF AMERICA,

                                    Defendant.

18 Civ. 9270 (KHP)

**STIPULATION AND ORDER OF
VACATUR, SETTLEMENT, AND
DISMISSAL**

WHEREAS, on May 10, 2019, Plaintiff Jimmy Viera, as Executor of the Estate of Melissa Avilez, filed the operative amended complaint in the above-captioned action (the "Action") against Defendant the United States of America (the "Government") pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b), 2671-80;

WHEREAS, on October 2, 2020, the Court entered judgment against the Government in the amount to $1,118,770 (the "Judgment") [ECF No. 91] on the basis of findings of fact and conclusions of law issued on October 1, 2020 (the "Trial Decision") [ECF No. 90];

WHEREAS, the Government timely appealed the Judgment and Trial Decision to the U.S. Court of Appeals for the Second Circuit, which heard oral argument on the appeal on March 3, 2022;

WHEREAS, a panel of the Second Circuit directed the parties to mediation at the conclusion of the oral argument, noting that there existed "very strong arguments that could result in overturning" as well as "affirming" "the district court's decision";

WHEREAS, the parties have reached an agreement to settle this Action, on the necessary precondition that the Court vacate the Judgment and Trial Decision;

WHEREAS, upon joint application of the parties, on March 30, 2022, the Court issued an indicative ruling [ECF No. 106] that it would vacate the Judgment and Trial Decision in the event that the Action is remanded to the Court by the Second Circuit;

WHEREAS, for the reasons set forth in the Court's indicative ruling, the public interest would be served by vacatur and such relief is authorized by Rule 60(b) of the Federal Rules of Civil Procedure; and

WHEREAS, on April 6, 2022, the Second Circuit remanded the Action to this Court pursuant to Rule 12.1 of the Federal Rules of Appellate Procedure;

IT IS HEREBY ORDERED that the Judgment and Trial Decision previously entered in this Action at Docket Entry Numbers 90 and 91 are hereby VACATED and shall have no force and effect.

FURTHERMORE, IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff and Defendant, through their respective counsel, that the Action shall be settled and compromised on the following terms and conditions:

1. This Action is hereby dismissed with prejudice, without costs, interest, attorneys' fees, or disbursements to any party, except as specified in paragraph 3 of this Stipulation and Order of Vacatur, Settlement, and Dismissal (the "Stipulation and Order").

2. This Stipulation and Order is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States or any of its present or former departments, agencies, agents, officials, or employees, or persons or entities deemed to be employees of any agency of the United States under any provision of law. This Stipulation and Order is entered into by the parties hereto for the purpose of compromising disputed claims and avoiding the expenses and risks of further litigation.

3.      The United States agrees to pay to Plaintiff the total sum of five hundred and fifty thousand dollars ($550,000.00) (the "Settlement Amount"). The Settlement Amount shall be in full settlement of any and all claims, demands, rights and causes of action that Plaintiff now has or may hereafter acquire against the United States, or any of its present or former departments, agencies, agents, officials, or employees, arising from or related to the events, circumstances, or incidents giving rise to the Action and all claims incident thereto.

4.      The Settlement Amount is inclusive of all costs or attorneys' fees of any kind, in accordance with 28 U.S.C. § 2678, and any and all liens, fees, and disbursements are to be satisfied by Plaintiff out of the Settlement Amount and not in addition thereto. Pursuant to 28 U.S.C. § 2678, counsel for Plaintiff may not charge, demand, receive, or collect fees in excess of twenty-five percent (25%) of the Settlement Amount.

5.      Plaintiff and his guardians, heirs, executors, administrators, or assigns agree to accept the Settlement Amount in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of any kind, whether known or unknown, that they may have or hereafter acquire against the United States or any of its present or former departments, agencies, agents, officials, or employees, arising from or related to the events, circumstances, or incidents giving rise to this Action and all claims incident thereto. Plaintiff hereby expressly releases and forever discharges the United States and any of its present or former departments, agencies, agents, officials, or employees, from any and all claims and liabilities arising directly or indirectly from the events, circumstances, or incidents giving rise to this lawsuit and all claims incident thereto. Plaintiff and his guardians, heirs, executors, administrators, or assigns further agree to defend, indemnify and hold harmless the United States and any of its present or former departments, agencies, agents, officials, or employees from and against any and all such causes

3

of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting

from further litigation or the prosecution of claims by Plaintiff or his guardians, heirs, executors,

administrators, or assigns against any third party or against the United States, including claims

for wrongful death.

6.      Plaintiff understands that taxes will not be withheld from the Settlement Amount.

Plaintiff represents and warrants that she shall assume all responsibility for, and shall protect,

indemnify, defend, and hold harmless the United States, including its present or former

departments, agencies, agents, officials, and employees, from and against any and all claims,

losses, liens, damages, liability, suits, actions, judgments, costs, penalties, and expenses resulting

from any liability or claim of liability for any amounts assessed by or due to any federal, state, or

local government or agency thereof, including, but not limited to, any liens of any kind

(including but not limited to workers' compensation liens, medical liens, tax liens, or child

support liens), and federal, state, and local taxes, if any, owed in connection with the payment of

the Settlement Amount to Plaintiff.

7.      Plaintiff further agrees to protect, indemnify, defend, and hold harmless the

United States, including its present or former departments, agencies, agents, officials, and

employees, from any and all claims, losses, liens, damages, liability, suits, actions, judgments,

costs, penalties, and expenses arising from or related to the events, circumstances, or incidents

giving rise to this Action and all claims incident thereto, including any claims arising from the

assignment of claims or liens upon the Settlement Amount.

8.      This Stipulation and Order shall be binding upon and inure to the benefit of the

parties and their principals, agents, representatives, heirs, successors, and assigns. Each signatory

to this Stipulation and Order hereby represents and warrants that he or she has the requisite

4

authority to enter into this Stipulation and Order and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Stipulation and Order.

9.      The terms of this Stipulation and Order shall become effective upon entry of this Stipulation and Order by the Court. Payment of the Settlement Amount shall be made to Plaintiff only after execution by the parties and entry by the Court of this Stipulation and Order. If not approved and entered by the Court in its entirety, this Stipulation and Order shall be null and void, with no force or effect.

10.     Payment of the Settlement Amount will be made by the United States by check or electronic transfer in the amount of $550,000.00, and made payable to Jimmy Viera and to Landers & Cernigliano PC, as counsel for Plaintiff. If payment is made by check, the check will be mailed to Plaintiff's counsel at 1 Old Country Road, Suite 400, Carle Place, New York 11514. If payment is made by electronic transfer, the transfer will be made to the bank account provided by Plaintiff's counsel. Plaintiff's counsel agrees to distribute the settlement proceeds to Plaintiff.

11.     Plaintiff and the United States understand and agree that this Stipulation and Order contains the entire agreement between them and that no statements, representations, promises, agreements, or negotiations, oral or otherwise, between the parties or their counsel that are not included herein shall be of any force or effect.

12.     It is contemplated that this Stipulation and Order may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

Dated: New York, New York
     April _7_, 2022

     LANDERS & CERNIGLIARO, P.C.
     *Counsel for Plaintiff*

By: _____
     STANLEY A. LANDERS
     1 Old Country Road, Suite 400
     Carle Place, New York 11514
     (516) 742-6000

New York, New York
April _7_, 2022

DAMIAN WILLIAMS
United States Attorney
*Counsel for the Government*

By: _____
     STEPHEN CHA-KIM
     Assistant United States Attorney
     86 Chambers Street, Third Floor
     New York, New York 10007
     (212) 637-2768

**SO ORDERED.**

Dated: New York, New York
     April _7_, 2022

THE HON. KATHERINE H. PARKER
United States Magistrate Judge